FILED

NOT FOR PUBLICATION

JUL 14 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIAOHUA LING,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-73507

Agency No. A076-868-829

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Xiaohua Ling, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Ling failed to establish past persecution because he did not show that his attempted arrest, the confiscation of his home, and the arrest of his sister occurred on account of a protected ground, *see Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) (persecution as a result of a debt was not on account of a protected ground), and Ling failed to demonstrate these incidents rose to the level of persecution, *see Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006). Substantial evidence also supports the agency's determination that Ling failed to establish a well-founded fear of future persecution on account of an imputed political opinion or membership in a particular social group. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1094-95 (9th Cir. 2002); *Fisher v. INS*, 79 F.3d 955, 961-62 (9th Cir.1996) (en banc) (possibility of prosecution is not persecution on a protected ground). Accordingly, Ling's asylum claim fails.

Because Ling did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

07-73507

Substantial evidence supports the agency's denial of CAT relief because Ling failed to show that it is more likely than not that he will be tortured if returned to China. *See Wakkary* 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**